## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

**RANDALL ROBINSON,**

    Plaintiff,

v.                        Case No. 1:22-CV-02731-JMC

**WELLS FARGO BANK,**
**N.A.,**

    Defendants.
_____

### DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Wells Fargo Bank, N.A., ("Wells Fargo" or "Defendant"), hereby submits this Reply in Support of its Partial Motion to Dismiss Plaintiff's First Amended Complaint.

### INTRODUCTION

In its Partial Motion to Dismiss Plaintiff's First Amended Complaint, Defendant demonstrated that Plaintiff Randall Robinson ("Robinson" or "Plaintiff") has once again failed to plead that Wells Fargo failed to promote him or terminated him because of his race. Plaintiff's Opposition does not save his claims.

First, Robinson does not address Defendant's arguments that he failed to exhaust his administrative remedies with respect to his Title VII claims for failure to promote. Therefore, he has conceded Defendant's exhaustion argument, and his Title VII discriminatory and retaliatory failure to promote claims in Counts I and II of the Amended Complaint ("Am. Compl.") should be dismissed.

Second, Robinson does not plead facts that if proven would create an inference that Defendant failed to promote him because of his race under either Title VII (assuming *arguendo*

that his Title VII claims were not dismissed as untimely) or Section 1981.  In his Opposition, Plaintiff argues that he has stated a pattern or practice claim; however, as discussed *infra*, individuals may not bring pattern or practice claims under the *Teamsters* framework as Plaintiff suggests.  Further, as Defendant previously argued and reiterates herein, the Amended Complaint is devoid of factual allegations related to Plaintiff's non-selection for promotion that raise Plaintiff's right to relief above a speculative level, as is required to defeat a Motion to Dismiss.

Additionally, Plaintiff also does not sufficiently plead that he was terminated because of his race under either Title VII or Section 1981, because his Amended Complaint is completely devoid of factual allegations specific to the termination decision that evidence any racial bias.

Finally, Defendant notes that within his Opposition, Plaintiff moves to amend his Amended Complaint a second time.  An Opposition to a Motion to Dismiss is not the proper vehicle for moving to amend a pleading, and therefore, Defendant requests that this Court deny Plaintiff's request.

## **DISCUSSION**

### I.     **Robinson Does Not Address Defendant's Title VII Exhaustion Argument and Therefore Concedes It**

"When a party fails to address an argument made in the motion to dismiss, the Court considers the claim abandoned."  Lehner v. ProSource Consulting LLC, No. CV GLR-18-858, 2018 WL 6395539, at *6 (D. Md. Dec. 6, 2018); O'Reilly v. Tsottles, No. CV GLR-18-3622, 2021 WL 424415, at *7 (D. Md. Feb. 8, 2021), aff'd, No. 21-1194, 2023 WL 3172174 (4th Cir. May 1, 2023) (noting that "it is customary practice in this Court to deem claims abandoned to the extent a plaintiff fails to respond to a motion to dismiss those claims" and collecting cases.)

In Section I of its Memorandum of Law in Support of its Partial Motion to Dismiss, Defendant made a well-supported and detailed argument regarding Plaintiff's failure to timely

raise and exhaust his failure to promote claims under Title VII.  (See ECF Docket No. 29 at Section II.)  In response, Plaintiff's Memorandum in Support of Plaintiff's Opposition to Defendants'[sic] Motion to Dismiss ("Opposition Brief" or "Opp'n Br.," ECF Docket No. 34-1) completely fails to address Defendant's exhaustion arguments.  Therefore, Plaintiff has conceded these arguments, and this Court should dismiss Plaintiff's discriminatory failure to promote claims in Count I and retaliatory failure to promote claims in Count II as untimely.

## II.     Plaintiff May Not Rely on the Pattern or Practice Framework Articulated in *Teamsters* to State His Race Discrimination Claims Under Title VII or Section 1981

The United States Supreme Court held in *Teamsters v. United States* that a group of plaintiffs in a class action may bring a discrimination lawsuit under Title VII alleging that the employer engaged in a "pattern or practice" of discrimination.  Teamsters v. United States, 431 U.S. 324, 360 (1977.)  Individuals, however, do not have a "private, non-class cause of action for pattern or practice discrimination and, thus, may [not] avail themselves of the *Teamsters* method of proof . . . although such plaintiffs may use evidence of a pattern or practice of discrimination to help prove claims of individual discrimination within the *McDonnell Douglas* framework." Lowery v. Cir. City Stores, Inc., 158 F.3d 742, 760–61 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999); Whitehurst v. Sebelius, No. CIV. WDQ-11-3092, 2012 WL 3116142, at *5 (D. Md. July 26, 2012.)

In his Opposition Brief, Plaintiff appears to argue that he has adequately stated claims for race discrimination under both Title VII and Section 1981 because he has alleged a pattern or practice of discrimination under the *Teamsters* framework.  (Opp'n Br. at 14, 24.)  However, as the Fourth Circuit has acknowledged, individuals do not have a private right of action for pattern or practice discrimination, and therefore, to the extent that Plaintiff argues he has stated such a claim, he fails to do so.

3

**III.     Robinson Fails to Demonstrate that he States a Claim for Discriminatory Failure to Promote Under Title VII or Section 1981**

As stated above, Plaintiff concedes that his failure to promote claims under Title VII are not properly exhausted, and therefore, they should be dismissed on that ground alone. Nevertheless, even if they were not, Plaintiff fails to demonstrate that he has plausibly alleged race discrimination under either Title VII or Section 1981 with respect to his failure to promote claim.[1]

To survive a motion to dismiss, the plaintiff must either plead direct evidence of discrimination or circumstantial evidence pursuant to the *McDonnell Douglas* burden-shifting framework.  Brown v. Johns Hopkins Hosp., No. CIV.A. RDB-13-3258, 2014 WL 3898150, at *7 (D. Md. Aug. 7, 2014.)  Plaintiff's Opposition does not show that he has done either.

In his Opposition Brief, Plaintiff repeatedly raises the statements allegedly made by Ray Schreiner sometime prior to March 2019 that Plaintiff was "the safe black guy," "speaks English properly," "[does not] use vernacular," and "you know how most black people are; you're not that way."  (Am. Compl. ¶ 35.)  The Fourth Circuit has held that derogatory comments can constitute direct evidence of discrimination if they are "(1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) "related to the employment decision at issue."  Bandy v. City of Salem, Virginia, 59 F.4th 705, 711 (4th Cir. 2023.)

These statements allegedly made by Schreiner are not direct evidence of race discrimination in the promotion process because they were not made by an individual with

---

[1]     It is unclear to Defendant from the Amended Complaint whether Plaintiff's failure to promote claims encompass promotions other than the Prince George's County District Manager ("DM") Position.  In his Opposition Brief Plaintiff only substantively addresses the Prince George's County DM Position and refers to it as "the DM position at issue."  Therefore, because Plaintiff failed to respond to Defendant's Motion to Dismiss regarding any promotion other than the Prince George's County DM Position, he has conceded Defendant's arguments as to those promotions, and accordingly, any claim for discrimination arising out of any failure to promote other than the Prince George's County DM Position should be dismissed on that basis.  Lehner, 2018 WL 6395539, at *6.

authority over the employment decision at issue.  Nowhere in the Amended Complaint does Robinson allege that Schreiner was a member of the hiring panel for the Prince George's DM position or that he in any way played a role in the hiring decision.  Although, Plaintiff alleges that Schreiner was "good friends and had a lot of influence with Patty Tuttle, one of the members of the panel" he does not allege that Schreiner made any racially derogatory remarks to Tuttle or in any way tried to influence her to not select Robinson because of Robinson's race.[2]  Further, he makes no factual allegations regarding Tuttle's own racial bias or claim that she made any similar race-related statements.  Therefore, Robinson's reliance on the statements he alleges were made by Schreiner is insufficient to allege direct evidence of discrimination and Robinson must rely on the *McDonnell Douglas prima facie* scheme to state his claim.

Robinson's arguments in his Opposition Brief under the *McDonnell Douglas* framework fare no better.  In his Opposition Brief, Plaintiff merely restates the facts in his Amended Complaint, yet he fails to explain how these facts plausibly allege race discrimination beyond his own characterization of certain routine interactions as "suspicious."  (Opp'n Br. at 18.)  In particular, he does not address the dearth of factual allegations regarding the Latina-selectee's qualifications, nor does he point to any factual allegation in the Amended Complaint that would support his contention that the relevant decisionmakers were motivated by racial animus.  On this point, the Fourth Circuit's analysis in *McCleary-Evans v. Maryland Department of Transportation*, is instructive.  In *McCleary-Evans*, the plaintiff alleged in her complaint that her prior work experience and education made her "more than qualified" for two promotions to which she applied.  McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 583 (4th Cir. 2015.)  She further alleged that she was not selected, and the positions were

---

[2]     In contrast, Robinson does allege that Schreiner influenced Tuttle's decision by disclosing his protected activity to her.  However, that allegation only speaks to the merits of Robinson's retaliation claim, not his race discrimination claim.

FP 47379670.2

filled by non-Black candidates.  Id.  Additionally, the plaintiff alleged that the applications were subject to a review panel that was "influenced and controlled" by white and non-Black selection officials, who consistent with a history of non-Black hires, were predisposed to select non-Black applicants.  Id.  The District Court dismissed the plaintiff's claim for failure to state a claim, holding that she failed to satisfy the fourth prong of the *prima facie* showing.  Id.

On appeal, the Fourth Circuit noted that while it is true that a plaintiff is not required to plead a *prima facie* case at the motion to dismiss stage, the allegations of discrimination must nevertheless raise the right to relief above a speculative level consistent with the ordinary rules for assessing the sufficiency of a complaint.  Id. at 585.  In affirming the District Court's decision, the Fourth Circuit held that the plaintiff failed to meet her pleading burden where she only alleged that the relevant decisionmakers were biased, and that based upon a history of hires within the department they were predisposed to select a non-Black candidate, because those allegations were simply too conclusory.  Id.  In so holding, the Court stated, "[the plaintiff] alleged no factual basis for what happened . . . [the plaintiff] can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions."  Id. at 586.   It further clarified, "[w]hile the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is consistent with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias.  Id. (emphasis in original.)

The factual allegations found to be insufficient in *McCleary-Evans* are strikingly similar to those in the instant Amended Complaint.  As in *McCleary-Evans*, Robinson makes factual allegations regarding his own qualifications; however, he does not make any allegations regarding the selectee's qualifications, performance during the interviews, or fit for the role based on "experience and personality."  He similarly does not make any factual allegations regarding why

6

he believes the decisionmakers were biased other than generally referring to what he deems to be a pattern of non-Black hires (which similarly requires speculation to be considered discriminatory.) As in *McCleary-Evans*, a history of non-Black promotions does not save the Plaintiff's claims from dismissal.  As the Fourth Circuit noted, the consequence of permitting Robinson's complaint to move forward "would be that any qualified member of a protected class who alleges nothing more than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion. Such a result cannot be squared with the Supreme Court's command that a complaint must allege 'more than a sheer possibility that a defendant has acted unlawfully.'"  Id. at 588; see also Abram v. Aerotek, Inc., No. CV ELH-20-756, 2020 WL 5653210, at *11 (D. Md. Sept. 23, 2020) (holding that the Complaint does not furnish the "who, what, where, when, and why" of her failure to promote claim where she did not identify, among other things, the qualifications for the position, a description of the interaction that she had with relevant decisionmakers suggesting discrimination, or anything about the qualifications of the selected candidate.) Therefore, Robinson's failure to promote claims under Title VII and Section 1981 should be dismissed.

**IV.**     **Robinson Fails to Demonstrate that he States a Claim for Discriminatory Termination Under Title VII or Section 1981**

In his Opposition Brief, Robinson argues that his discriminatory termination claim under Title VII and Section 1981 is not subject to dismissal because "the same circumstances that gave rise to the discriminatory failure to promote can equally be attributed to his termination." (Opp'n Br. at 24.) Plaintiff, however, is incorrect.

In support of this contention, Plaintiff again raised the racially-charged statements allegedly made by Ray Schreiner sometime prior to March 2019, discussed above. (Opp'n Br. at 23.)  He generally claims that these comments "exemplify the Defendant's underlying racial

7

animus." (Opp'n Br. at 16.)  However, outside of a hostile work environment claim, racially derogatory remarks are not evidence of discrimination "if unlinked to a particular adverse employment action." Alvarez-Soto v. B. Frank Joy, LLC, 258 F. Supp. 3d 615, 628–29 (D. Md. 2017); Mabry v. Cap. One, N.A., No. GJH-13-02059, 2014 WL 6875791, at *6 (D. Md. Dec. 3, 2014) (Comments made by a supervisor to his African American employees that he would buy them fried chicken from Bojangles and about their hair, nails, and "hoochie mama shoes" were insufficient to show discriminatory animus because they were isolated and unrelated to the discharge); Engler v. Harris Corp., No. CIV.A. GLR-11-3597, 2014 WL 1370320, at *10 (D. Md. Apr. 7, 2014), aff'd, 628 F. App'x 165 (4th Cir. 2015) (general comments that the supervisor was glad the plaintiff "is not one of those women who can't work with men" was not evidence of discrimination because it occurred two years prior to the termination and there was no nexus between the comment and the plaintiff's inclusion in the RIF.)

Schreiner's alleged comments are completely unlinked from the termination decision. First, the comment was not made close in time to Robinson's termination.  The comment was made at an unpled time, sometime before or during March 2019 when Robinson applied for the Prince George's DM position. (Am. Compl. ¶ 35) (Noting that the comment was made just prior to Plaintiff's application for the District Manager position, which Plaintiff alleges he applied for in March 2019.)  Robinson was terminated on December 30, 2019, which is at least nine months after the earliest date the comment could have been made.  Second, Robinson never alleges that Schreiner had anything to do with his termination, much less that he had authority over the decision to terminate.  Therefore, any potential bias that Schreiner may have harbored is irrelevant to the termination decision, and his comments are not evidence—circumstantial or direct—of any racial bias in the termination decision.  Accordingly, there is no nexus between these alleged, isolated

comments and Robinson's termination, and they do not create the necessary inference of discrimination Robinson needs to survive a motion to dismiss.

Furthermore, as was the case with regard to his failure to promote claims, while Robinson certainly expresses his own personal disagreement with the decision to let him go, he does not allege any facts to suggest that Defendant's decision to fire him was because of his race.  He alleges that Margaret Griffith, a Caucasian female, notified him of the termination decision; however he does not allege any facts beyond her simply being Caucasian to suggest that Margaret Griffith was motivated in any way by his race.  In fact, he alleges that she seemed sad that Robinson was being terminated.  (Am. Compl. ¶ 69.)  Similarly, without identifying who they are, Robinson merely states "all of the investigators and decision makers in Plaintiff's termination were Caucasian." (Am. Compl. ¶ 71.)  "The races of the actors and the employee claiming race-based discrimination does not establish that conduct is race-based."  Alexander v. Bloomingdale's, Inc., No. PWG-17-3283, 2019 WL 2162286, at *7 (D. Md. May 17, 2019), aff'd, 780 F. App'x 48 (4th Cir. 2019.) Accordingly, neither in the factual allegations in the Amended Complaint nor in the legal arguments in his Opposition Brief has Plaintiff identified any factual allegations that save his race discrimination claims arising out of his termination under Title VII and Section 1981, and they should be dismissed.

## V.      Defendant Opposes Plaintiff's Motion for Leave to Amend His Complaint a Third Time Embedded in his Motion to Dismiss

In footnote 2 on page 15 of his Opposition Brief Plaintiff states, "[t]o the extent that the Court believes that the disparate treatment is not sufficiently pled regarding the violation of Title VII and Section 1981, Plaintiff moves for leave to amend."  (ECF 34-1, at 15.)  The Motion contained buried in the footnotes of his Opposition Brief does not comply with Local Rule 103.6, which requires that the proposed amended pleading accompany the motion to amend.  See United

9

States District Court for the District of Maryland Local Rules, Rule 103.6.  "[W]here the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, the district court does not abuse its discretion in denying a motion to amend the complaint."  <u>Jassie v. Mariner</u>, No. DKC 15-1682, 2016 WL 67257, at *7 (D. Md. Jan. 6, 2016).  Without the proposed amendments, there is no way to discern whether the amendments would be futile, in bad faith, or prejudicial to Defendant.  <u>Id.</u>  Therefore, to the extent that footnote 2 of Plaintiff's Opposition Brief constitutes a motion to amend his Complaint a second time, Defendant asks that Plaintiff's motion be denied.

<u>**CONCLUSION**</u>

WHEREFORE, for the reasons stated above, Defendant Wells Fargo Bank, N.A., requests that the Court dismiss in their entireties Counts I and III of Plaintiff Randall Robinson's Amended Complaint with prejudice and dismiss the failure to promote claims in Count II of Plaintiff Randall Robinson's Amended Complaint with prejudice.

Dated:  June 20, 2023                    Respectfully submitted,

<u>*/s/ Theresa M. Connolly*</u>
Theresa M. Connolly
MD Bar No.: 23780
**FISHER & PHILLIPS LLP**
8200 Greensboro Drive
Suite 900
McLean, Virginia 22102
tconnolly@fisherphillips.com

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that, on the 20th day of June, 2023, she caused

a true and correct copy of the foregoing to be filed with the Court using the CM/ECF system,

which will send notification of such filing to the following individuals:

> Michael E. Glass, MBA, Esq.
> The Michael Glass Law Firm
> 201 N. Charles Street, Suite 1900
> Baltimore, MD 21201
> mglass@mglasslaw.com


*/s/ Theresa Connolly*

_____

Theresa M. Connolly

FP 47379670.2