IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RANDALL ROBINSON**, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:22-cv-02731-JMC |
| **WELLS FARGO BANK, N.A.** | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Randall Robinson, filed this employment discrimination lawsuit on October 24, 2022, against Defendant, Wells Fargo Bank ("Wells Fargo" or "Defendant"). (ECF No. 1). The Court permitted Plaintiff to file an amended complaint (ECF No. 26) and Plaintiff did so on April 10, 2023. (ECF No. 25). Plaintiff has brought four Counts against Defendant: (I) Violation of Title VII of the Civil Rights Act of 1964 ("Title VII") – Race Based Discrimination, Illegal Failure to Promote and Illegal Termination; (II) Violation of Title VII – Retaliation; (III) Violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), for Illegal Failure to Promote, Illegal Termination; and (IV) Violation of Section 1981 for Retaliation. (ECF No. 25 at pp. 20, 22, 24, 27).[1] Presently before the Court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 29). Defendant seeks to dismiss: (1) Count I, either in its entirety for failure to state a claim or at least as to any allegation of discriminatory failure to promote for failure to exhaust administrative remedies; (2) Count II to the extent it alleges discriminatory or retaliatory failure to promote based on a failure to exhaust

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

administrative remedies; and, (3) Count III in its entirety for failure to state a claim. The Court has additionally considered Plaintiff's Opposition to the Motion (ECF No. 34) and Defendant's Reply in support of its Motion (ECF No. 40). The Court finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Defendant Wells Fargo's Motion will be GRANTED.

## I. FACTUAL BACKGROUND

Plaintiff is an African American man who began his employment with Defendant on or around June 20, 2007. (ECF No. 25 at p. 3). Plaintiff was employed initially as a Licensed Financial Specialist and eventually as a Branch Manager in Annapolis, MD. *Id.* at p. 4. Plaintiff applied for a North Central District Manager position in February 2019, but was informed by his then-supervisor, Ray Schreiner, that the position was to be awarded to Schreiner. (*Id.* at pp. 4–5; ECF No. 29-1 at p. 3). Schreiner was, in fact, hired for the position over Plaintiff, but Schreiner encouraged Plaintiff to apply for Schreiner's newly vacant position of South Central District Manager. (ECF No. 25 at p. 5). Plaintiff alleges that shortly thereafter, he was instructed by "Leaders at WF" not to apply for the South Central District Manager position because it was going to be awarded to Margaret Griffith, and that Plaintiff would be awarded the position of Prince George's County District Manager for declining to pursue the South Central position. *Id.* Plaintiff did not apply for the South Central position. *Id.*

Also in January or February 2019, Plaintiff discovered that a white Service Manager under his supervision, Elizabeth Getz, was "giving a subordinate unauthorized paid time off as a reward for getting the most referrals." *Id.* at p. 7. This was the same conduct that an African American Branch Manager, Theodora Agee, engaged in around November 2018, which led to Agee's termination. *Id.* When Plaintiff informed Schreiner that Plaintiff intended to anonymously report

the misconduct, Schreiner supposedly told Plaintiff that Plaintiff "was too close to a promotion, and not to bring it up." *Id.* Plaintiff nevertheless reported the behavior to human resources and informed Schreiner as such. *Id.* Defendant did not terminate Getz after the disclosure. *Id.*

Plaintiff then applied for the Prince George's County District Manager position in March 2019. (ECF No. 25 at p. 8; ECF No. 29-1 at p. 3). Plaintiff served as the interim District Manager for that region at the time of his application at the request of Plaintiff's Regional President, Patty Tuttle, because the District Manager at the time was on leave. (ECF No. 25 at pp. 8–9). According to Plaintiff, Schreiner made the following comments to Plaintiff in front of Plaintiff's wife and others shortly before Plaintiff applied for the Prince George's County District Manager position: that Plaintiff was the "safe black guy" for the position; that Plaintiff would be one of the first African Americans promoted to Branch Manager since he "speaks English properly," "[Plaintiff doesn't] use vernacular"; and "you know how most black people are; you're not that way." *Id.* at pp. 9–10. Defendant subsequently informed Plaintiff on or around April 3, 2019, less than two months after Plaintiff's disclosure of misconduct to human resources, that Plaintiff was not selected for the position and that Plaintiff would be contacted by a representative from Employee Relations ("ERC") regarding the reasons for his rejection. (ECF No. 25 at pp. 10–11; ECF No. 29-1 at pp. 3–4).

Ellen Marriott, the Senior ERC Manager handling the screening process for the Prince George's County District Manager position, instructed Plaintiff on or around April 5, 2019, that Plaintiff was not selected for the position because of "an ERC case from late September/October 2018, in which a subordinate team member complained that Plaintiff was often absent from the branch without telling the team," and that "Plaintiff had inappropriately counseled subordinates in public." (ECF No. 29-1 at p. 4). Plaintiff asserts that Defendant never told Plaintiff of this ERC

3

case prior to his communication with Marriott and that the ERC case was "fabricated, bogus and a pretext for not promoting him" nearly six months prior to Plaintiff's disclosure of Getz's conduct to human resources.  (ECF No. 25 at pp. 12–13; ECF No 29-1 at pp. 5–6).  Plaintiff argues it is "patently clear" that "Plaintiff was not promoted in retaliation for reporting the race discrimination and disparate treatment involving Agee and Getz and that he is African American, and that Plaintiff's flawed management style was nothing but a pretext, ruse, and contrived and fabricated reason for not promoting him."  (ECF No. 25 at pp. 14–15).  The Prince George's County District Manager position was ultimately filled by a Hispanic female.  *Id.* at p. 16.

     Plaintiff met with a human resources specialist about a week after his communication with Marriott to express "that he believed that he was being discriminated against based on his race and, specifically, that he had not been promoted based on his race and for engaging in protected activity by reporting WF's discriminatory firing of [] Agee."  *Id.* at p. 16.  Plaintiff alleges that he continued to raise these concerns to others, including Schreiner, Griffith, and Tuttle, from April 5, 2019, to November 18, 2019.  *Id.*  Griffith then contacted Plaintiff on November 18, 2019, informing Plaintiff that he was being placed on administrative leave.  *Id.* at p. 17.  Pete Leudemann, a human resources investigator, shared with Plaintiff on November 23, 2019, that Plaintiff was placed on administrative leave because an employee under his management reported that Plaintiff had pushed him.  *Id.* at pp. 17–18.  Plaintiff advised Leudemann that he believed he was being discriminated against because of his race and reporting of Agee's allegedly discriminatory firing, but Plaintiff was nevertheless terminated for cause approximately six weeks later on December 30, 2019.  *Id.*

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 18, 2020, alleging discrimination based on race and sex.[2] (ECF No. 1-1). The EEOC issued a Notice of Right to Sue on June 7, 2022. (ECF No. 1-2). Plaintiff then filed the present suit on October 22, 2022 (as amended on April 10, 2023), against Defendant based on the above facts, alleging that Defendant violated Title VII (Counts I and II) and Section 1981 (Counts III and IV) by failing to promote Plaintiff and ultimately terminating Plaintiff's employment for allegedly discriminatory reasons. *See generally* (ECF No. 25). In its pending Motion seeking partial dismissal before the Court, Defendant argues that (1) Plaintiff's Title VII failure to promote claims contained within Counts I and II should be dismissed because they were not timely raised with the EEOC; and (2) Plaintiff's remaining claims for illegal termination under Title VII contained in Count I and Plaintiff's similar claims contained in Count III under Section 1981 fail to state actionable claims for discrimination. *See generally* (ECF No. 29-1).

## II. STANDARD OF REVIEW

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action."

---

[2] Although Plaintiff asserts in his First Amended Complaint that he was discriminated against on the basis of race and for engaging in protected activities i.e. retaliation for his reports of alleged discriminatory conduct, Plaintiff did not assert retaliatory discrimination in his formal charge with the EEOC. *See* (ECF No. 1-1). Further, despite Plaintiff asserting in his EEOC charge that he was discriminated against on the basis of his sex, Plaintiff makes no argument of the sort in his First Amended Complaint. *Id.*; *see generally* (ECF No. 25).

*Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted).  In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted).  The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).[3]

### III.  DISCUSSION

    **A. Plaintiff's Theories of Recovery Based on a Failure to Promote as Contained in Counts I and II Should be Dismissed for Failure to Exhaust Administrative Remedies**

In its Motion to Dismiss, Defendant argues that Plaintiff's Title VII Illegal Failure to Promote claim in Count I and Retaliatory Failure to Promote claim in Count II should be dismissed because those claims were not timely raised with the EEOC.  (ECF No. 29-1 at pp. 7–8).  "To assert a Title VII claim in federal court, a plaintiff must first exhaust his administrative remedies." *Montgomery v. Crothall Healthcare, Inc.*, No. RDB-2—1154, 2021 WL 75136, at *3 (D. Md. Jan. 8, 2021).  To properly exhaust administrative remedies "In Maryland, a deferral state, a claim of discrimination under Title VII . . . must be filed with the EEOC within 300 days of the alleged

---

[3] Plaintiff correctly points out in his Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss that this Court may treat Defendant's Motion to Dismiss as a motion for summary judgment if the Court considers matters outside the pleadings in deciding on the Motion.  *See* ECF No. 34-1 at pp. 10–11; *Humphrey*, 885 F. Supp. at 136 (noting that if a motion to dismiss "is supported by matters outside the pleading which the Court does not exclude, the motion shall be treated as one for summary judgment" pursuant to Federal Rule of Civil Procedure 56).  The Court, however, did not consider matters outside of the pleadings in deciding the pending Motion, making this standard irrelevant.

discriminatory action." *Trazell v. Del. Elevator, Inc.*, No. CV RDB-20-2265, 2020 WL 5982888, at *1 (D. Md. Oct. 8, 2020), *aff'd*, 837 F. App'x 248 (4th Cir. 2021).

Plaintiff filed his charge with the EEOC on May 18, 2020. (ECF No. 1-2). Thus, Plaintiff's charge with the EEOC was timely for Title VII claims that arose on or after July 23, 2019. Plaintiff's claim for Failure to Promote in Count I and Retaliatory Failure to Promote in Count II arise out of events that occurred before July 23, 2019. *See* (ECF No. 25 at pp. 10, 20) (stating that "Plaintiff applied for three DM positions, *the last of which* was the Prince George's County DM position," and that Plaintiff was denied that position "on or around April 3, 2019") (emphasis added). Thus, to the extent Counts I and II rely on a theory of wrongful failure to promote, such claims were untimely and are accordingly DISMISSED.[4]

### B. Plaintiff Fails to State a Claim for Unlawful Termination in Counts I and III

Next, Defendant argues that Plaintiff's remaining theory in Count 1—Unlawful Termination in violation of Title VII—and Plaintiff's Section 1981 Unlawful Termination claim in Count III should be dismissed because Plaintiff fails to state a plausible claim for relief under either statute. (ECF No. 29-1 at p. 9). "In the employment context, courts employ a common analysis on claims of racial discrimination brought under either Title VII or § 1981." *Felder v. Maximus*, No. JKB-16-3517, 2017 WL 915003, at *2 (D. Md. Mar. 7, 2017); *Felder v. MGM Nat'l Harbor, LLC*, No. 20-2373, 2022 WL 2871905, at *1 n.1 (4th Cir. July 21, 2022). "[I]n order to survive a motion to dismiss, a complaint for discriminatory termination under either statute must allege facts allowing for a reasonable inference that the defendant terminated the plaintiff's

---

[4] Count I of Plaintiff's First Amended Complaint asserts that Defendant violated Title VII by both failing to promote Plaintiff and by illegally terminating Plaintiff's employment. Although Plaintiff's failure to promote claims included in Count I are untimely, the illegal termination claim is based on the firing that occurred on December 30, 2019, meaning that portion of Count I was timely filed with the EEOC and will not be dismissed on that basis. As set forth more fully below, however, as to the remainder of Count I alleging unlawful termination, Plaintiff fails to state a claim for which any relief can be granted.

employment because of his race." *Maximus*, 2017 WL 915003 at *2. This standard requires that a plaintiff "plausibly allege that she was terminated *because of* her race, color, or sex to withstand a motion to dismiss." *MGM Nat'l Harbor, LLC*, 2022 WL 2871905 at *2 (emphasis in original). "One might reasonably infer that an employee was terminated because of his race if the employee alleges direct or indirect evidence of a discriminatory motive or if he pleads a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*." *Maximus*, 2017 WL 915003 at *2. To plead a prima facie case of discriminatory termination under *McDonnell*, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other employees who are not members of the protected class were retained under similar circumstances." *Dallas v. Giant Food, Inc.*, 187 F. Supp. 2d 505, 511 (D. Md. 2002) (cleaned up).

Plaintiff's claims for unlawful termination in Counts I (Title VII) and III (Section 1981) cannot meet the above standards. First, Plaintiff has set forth insufficient facts that his termination would not have occurred but for Plaintiff's race. In defending against the Motion, Plaintiff asserts that he has pled sufficient facts to suggest discriminatory termination based on (1) Schreiner's alleged comments to Plaintiff regarding Plaintiff's race and (2) Plaintiff's termination "Only a few months later." (ECF No. 34-1 at p. 23). Moreover, Plaintiff asserts generally that these claims should be allowed to proceed because "the same circumstances that gave rise to the discriminatory failure to promote can equally be attributed to his termination . . . ." *Id.* at pp. 23–24. Plaintiff's arguments are unpersuasive.

As an initial matter, Plaintiff set forth facts indicating that his termination occurred for reasons unrelated to his race. Plaintiff notes that he was the subject of an ERC case in September/October 2018 in which employees under his direction raised concerns about his job

8

performance.  (ECF No. 29-1 at p. 4).  More importantly for purposes of this Motion, though, Plaintiff also indicated that he was terminated for-cause shortly after a subordinate claimed that Plaintiff pushed him.  (ECF No. 25 at pp. 17–18).  Other than state in conclusory fashion that those reasons are bogus, Plaintiff has failed to set forth sufficient facts to reasonably infer that Plaintiff's termination was but for his race.

Nor do Schreiner's comments demonstrate the requisite direct or indirect evidence sufficient to reasonably infer that Plaintiff was terminated because of his race.  Schreiner's comments were allegedly made in the context of Plaintiff being potentially promoted rather than terminated.  Plaintiff does not allege, nor does he provide facts supporting the inference, that Schreiner was in any way involved in Plaintiff's termination, thus failing to establish that Schreiner's alleged comments were linked to the decision to terminate Plaintiff.  *See Lerner v. Shinseki*, No. CIV.A ELH-10-1109, 2011 WL 2414967, at *17 (D. Md. June 10, 2011) ("The Fourth Circuit has instructed that direct evidence of discriminatory intent must be evidence of conduct or statements that *both* reflect directly the alleged discriminatory attitude *and* that bear *directly* on the contested employment decision.  Even if there is a statement that reflects a discriminatory attitude, it must have a nexus with the adverse employment action.") (internal quotations omitted) (emphasis in original) (citing *Warch v. Ohio Cas. Inc. Co.*, 435 F.3d 510, 520 (4th Cir. 2006)).  There is also no clear temporal connection between Schreiner's comments and Plaintiff's termination, as the former allegedly occurred roughly nine months prior to the latter. *See* (ECF No. 25 at pp. 9 ¶ 35, 10 ¶ 37); *Warren v. Fort Lincoln Cemetery, Inc.*, No. CIV. A. AW-00-419, 2001 WL 743199, at *3 (D. Md. June 26, 2001) (finding derogatory marks were not evidence of discriminatory intent in part because there was no "temporal connection" between the remarks and employment termination).

Additionally, Plaintiff has not pled a prima facie case of employment discrimination. Defendant does not contest that the first three elements are met. *See* (ECF No. 29-1 at pp. 9–10). Rather, Defendant argues that Plaintiff:

> does not allege that he was replaced by someone outside of his protected class; he does not identify any non-African American employee who was not placed on leave pending a misconduct investigation or terminated under similar circumstances; and he does not otherwise allege any facts that even tend to suggest that he was treated differently than non-African American employees with respect to his placement on leave or resulting discharge.

*Id.* at p. 10. Plaintiff concedes that he does not know the identity of the person who replaced him. (ECF No. 34-1 at p. 23). Nor does Plaintiff identify in his Amended Complaint or otherwise argue that "other employees who are not members of the protected class were retained under similar circumstances" as Plaintiff. *Giant Food Inc.*, 187 F. Supp. 2d at 511. Without arguing more than Schreiner's comments evidencing a discriminatory intent or that the investigators and decision makers involved in Plaintiff's termination were Caucasian, Plaintiff's Amended Complaint fails to state a cause of action for discriminatory termination under either Title VII or Section 1981. *See, e.g.* (ECF No. 25 at ¶¶ 71, 77, 78); *McCleary-Evans v. Md. Dep't of Transp.*, *State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) ("While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is *consistent* with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias.") (emphasis in original). Accordingly, Defendant's Motion to Dismiss Plaintiff's unlawful termination claims in Count I (Title VII) and Count III (Section 1981) is GRANTED.

    **C.**    **Count III Unlawful Failure to Promote Under Section 1981**

Defendant additionally argues that Plaintiff fails to state a claim for discriminatory failure to promote under Section 1981. (ECF No. 29-1 at p. 10). At the motion to dismiss stage, this

Court follows the following guidelines in determining the sufficiency of a Section 1981 claim for unlawful failure to promote:

> In order for [a plaintiff] to establish a prima facie case of discrimination based on a failure to promote, she must show that: (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Although it is not strictly necessary for a plaintiff to establish all elements of a prima facie case in the complaint, a plaintiff must allege sufficient facts to support a plausible inference of discrimination and thereby raise a right to relief above the speculative level.

*Hodge v. Walrus Oyster Ale House*, No. CV TDC-18-3845, 2019 WL 6069114, at *6 (D. Md. Nov. 15, 2019) (D. Md. 2000) (internal citations omitted).

As a preliminary matter, Plaintiff has abandoned any claims for unlawful failure to promote under Section 1981 aside from the Prince George's County District Manager position. Defendant's Motion to Dismiss argues that Plaintiff failed to state a claim for relief regarding the North Central District Manager (ECF No. 29-1 at p. 12), South Central District Manager (*id.*), and Prince George's County District Manager positions (*id.* at p. 13). Yet Plaintiff's Opposition to Defendant's Motion to Dismiss argues unlawful failure to promote in the context of the Prince George's County position only and repeatedly refers to the Prince George's County position as *the* position at issue. *See* (ECF No. 34-1 at pp. 14–22). As such, the Court's discussion is limited to whether Plaintiff asserted a plausible claim for relief for unlawful failure to promote under Section 1981 regarding the Prince George's County District Manager position only. *See Muhammad v. Maryland*, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D. Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim.").

Plaintiff has failed to state a plausible claim for relief under Section 1981 for unlawful failure to promote Plaintiff to the Prince George's County District Manager position. The first three elements of a prima facie case for discriminatory failure to promote are present on the face

11

of the Amended Complaint: (1) Plaintiff is a member of a protected class because he is an African American male; (2) Plaintiff did, in fact, apply for the Prince George's County District Manager position; and (3) Plaintiff pled sufficient facts to demonstrate that he was qualified for the position given that Plaintiff was already acting as interim Prince George's County District Manager for nearly five months.

It is the fourth requirement that is at issue. Plaintiff relies on this Court's decision in *Hodge* to assert that Plaintiff satisfied the fourth requirement by alleging that the person who was promoted to the Prince George's County District Manager position was not African American. *See* (ECF No. 34-1 at pp. 14–15); 2019 WL 6069114 at *7. However, this Court has since held that "Simply asserting that a [candidate of another race] was selected for a role over an individual within a protected class, without any facts indicating discrimination, cannot support a claim of intentional discrimination." *Tambedou v. Fundamental Clinical & Operational Servs., LLC*, No. CV DKC 19-2822, 2020 WL 5544199, at *4 (D. Md. Sept. 16, 2020). This is particularly the case where "the complaint itself not only fails to allege facts supporting race discrimination but also supplies reasons for the actions that had nothing to do with discrimination." *Id.*

In *McCleary-Evans*, the Fourth Circuit affirmed the dismissal of a plaintiff's Title VII discriminatory failure to promote claim. 780 F.3d at 588.[5] To support her complaint, the plaintiff "relie[d] essentially" on asserting that she was discriminatorily denied a promotion because both those in charge of the hiring process and those who were ultimately selected for the position were not members of the protected class to which the plaintiff belonged. *Id.* at 583–84. Although the Fourth Circuit recognized that a plaintiff need not necessarily prove a prima facie case of unlawful

---

[5] *See, e.g.*, *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005) (noting that the standard for establishing a prima facie case of racial discrimination in promotions under Section 1981 and Title VII is the same).

failure to hire in order to survive a motion to dismiss, the court held that such "naked allegations . . . stop[ped] short of the line between possibility and plausibility of entitlement to relief" under *Twombly*. *Id.* at 585–86. The Fourth Circuit also cautioned that "the consequence of allowing [such claims] to proceed . . . would be that any qualified member of a protected class who alleges nothing more than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion. Such a result cannot be squared with the Supreme Court's command that a complaint must allege 'more than a sheer possibility' that a defendant has acted unlawfully." *Id.* at 588 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court finds that Plaintiff's Amended Complaint suffers from the same deficiencies articulated in *McCleary-Evans*. Similar to the plaintiff in *McCleary-Evans*, Plaintiff relies on the racial composition of those who decided not to promote Plaintiff and places great emphasis on the fact that the individual chosen for the Prince George's County District Manager position is a Hispanic female. *See, e.g.*, (ECF No. 29-1 at pp. 16, 20; ECF No. 34-1 at pp. 14–15). Further, Plaintiff's Amended Complaint "supplies reasons" for his denial of the promotion "that had nothing to do with discrimination"—the 2018 ERC case alleging deficiencies in Plaintiff's management style. Although Plaintiff questions why Defendant returned Plaintiff to a managerial role following the ERC case, the ERC case still presents a non-discriminatory reason for Defendant's choice not to promote Plaintiff after his stint as interim District Manager concluded. *See* (ECF No. 25 at p. 15; ECF No. 34-1 at p. 18).

Plaintiff does little more to bolster his argument that he has alleged sufficient facts indicating at least an inference of discrimination in Defendant's decision not to promote Plaintiff based on his race. For instance, Plaintiff argues that Defendant discriminatorily overlooked

Plaintiff for the position because Plaintiff was "eminently qualified for the DM position" yet Plaintiff sets forth no facts regarding the qualifications of the Hispanic female who was ultimately selected for the position. *See McCleary-Evans*, 780 F.3d at 586 ("[Plaintiff] can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions."). Plaintiff additionally argues that Schreiner "was good friends and has a lot of influence with Patty Tuttle, one of the members of the panel that decided not to award Plaintiff" the position, but fails to allege in his Amended Complaint that Schreiner participated in the decision not to promote Plaintiff or actually influenced Tuttle's decision based on Plaintiff's race. (ECF No. 34-1 at p. 16). And although Plaintiff claims he was discriminatorily denied the position based on his race because he was not "earmarked" for the position as others were for other positions, Plaintiff has not sufficiently pled that Defendant's preset preference for other candidates, although questionable, was *because of* Plaintiff's race. *See Williams v. Carolina Healthcare Sys., Inc.*, 452 F. App'x 392, 394 (4th Cir. 2011) ("Although the promoted employee was preselected for the position, preselection does not, in itself, demonstrate racial discrimination. Title VII does not require fairness or the promotion of the most qualified candidate; it only prohibits discrimination.") (internal citation omitted).[6] Accordingly, the Court cannot find that Plaintiff set forth sufficient facts in his Amended Complaint raising a plausible inference that Defendant's decision not to promote Plaintiff to Prince George's County District Manager was racially motivated. Defendant's Motion to Dismiss the remainder of Count III is therefore GRANTED.

---

[6] Plaintiff additionally argues that his failure to promote claims should be permitted to proceed because Plaintiff claimed that Defendant engaged in a pattern and practice of discrimination. (ECF No. 34-1 at pp. 13–14). The Fourth Circuit, however, has held that a private, non-class plaintiff "may not succeed on their claims simply by proving," let alone alleging, "that an employer has engaged in a pattern or practice of discrimination against a group." *Whitehurst v. Sebelius*, No. CIV WDQ-11-3092, 2012 WL 3116142, at *5 (D. Md. July 26, 2012); *see also Majeed v. Columbus Cnty. Bd. of Educ.*, No. 99-1341, 2000 WL 524804, at *4 n.2 (4th Cir. May 2, 2000); *Lowery v. Cir. City Stores, Inc.*, 158 F.3d 742, 760–61 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999).

### D. Plaintiff's Motion for Leave to Amend

Footnote two of Plaintiff's Opposition reads, "To the extent that the Court believes that the disparate treatment is not sufficiently pled regarding the violation of Title VII and Section 1981, Plaintiff moves for leave to amend." (ECF No. 34-1 at p. 15 n.2). This request does not comply with D. Md. Local Rule 103(6)(a) and the Court will therefore deny Plaintiff leave to amend. *See U.S. ex rel Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 703 (4th Cir. 2014) ("We also conclude that the district court did not abuse its discretion in denying relator's request to file a third amended complaint. In seeking leave to amend, relator did not comply with the District of Maryland's local rules, which require that a plaintiff attach to a motion to amend 'the proposed amended pleading.'"); *Dixon v. Select Portfolio Servicing Co.*, No. CV DKC 19-1710, 2020 WL 470314, at *5 (D. Md. Jan. 28, 2020), *appeal dismissed and remanded on other grounds*, 841 F. App'x 633 (4th Cir. 2021) ("[W]here . . . the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, the district court [does] not abuse its discretion in denying the motion to amend the complaint.") (internal quotations omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant Wells Fargo's Motion to Dismiss Counts I and III in their entirety and Count II as it relates to Plaintiff's retaliatory failure to promote claim under Title VII (ECF No. 29) is GRANTED. A separate Order shall follow.

Dated: September 11th, 2023                             /s/
                                                                       J. Mark Coulson
                                                                       United States Magistrate Judge